United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TOURIGNY,<br>    Plaintiff,<br>    v.<br>SYMANTEC CORPORATION,<br>    Defendant. | Case No. 15-cv-00438 NC<br><br>**ORDER GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 9 |

Before the Court is Tourigny's motion to remand this action to state court. Because the Court agrees that the plain language and policy behind the local defendant rule bars Symantec from removing the case, the Court GRANTS Tourigny's motion to remand.

In November 2014, plaintiff Paul Tourigny sued Symantec Corporation in California Superior Court for age discrimination in violation of the California Fair Employment and Housing Act. In January 2015, after Tourigny notified Symantec of an error in the initial service of process, Symantec removed the case to federal court on the basis of diversity jurisdiction. However, removal on the basis of diversity jurisdiction is procedurally flawed when the defendant is "local," meaning a citizen of the state in which it is sued. Symantec argues that removal is nonetheless proper because a local defendant is only barred from removing to federal court when it has been served.

All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 6, 10.

/

Case No.: 15-cv-00438-NC

## I. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## II. DISCUSSION

Tourigny argues that remand is proper because (1) Symantec is barred from removing to federal court because it is a local defendant, and (2) in the alternative, Symantec was served prior to removal. Dkt. No. 9. The Court declines to reach Tourigny's second argument, finding that the local defendant rule bars removal to this Court.

Generally, a defendant to an action in state court has 30 days from service of the complaint to remove a case to federal court. 28 U.S.C. § 1446(b). In most cases, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between citizens of different states. 28 U.S.C. § 1332. A corporation is a citizen of the states in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, Symantec claims federal jurisdiction based on the diversity of the parties.

Case No.:15-cv-00438-NC                      2

Dkt. No. 1 at ¶ 7. Tourigny is a citizen of Massachusetts, and Symantec is a corporation, incorporated in Delaware with its principal place of business in California. *Id.* at ¶¶ 8, 9. Symantec states, and Tourigny does not challenge, that the amount in controversy exceeds $75,000. *Id.* at ¶ 10-12. Additionally, Tourigny's claims are all based on state law, and not federal law. Dkt. No. 1. Thus, this Court has subject matter jurisdiction because the parties are properly diverse and the amount in controversy requirement has been met.

However, Congress created an exception for diversity jurisdiction when the defendant is "local," or a citizen of the state in which he was sued. A local defendant cannot remove the case to federal court. 28 U.S.C. § 1441(b)(2). Specifically, this "local defendant rule" provides that a case may not be removed once "any of the defendants are joined and served." *Id.* The rule is a procedural limitation on removal, not a jurisdictional one; therefore, a plaintiff seeking remand of the case must make such a motion within thirty days of removal. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); 28 U.S.C. § 1447(c). Here, Symantec is a local defendant, as a citizen of California, and Tourigny timely filed a motion for removal. Dkt. No. 9.

The question presented to the Court is whether a local defendant can remove a case to federal court based on diversity jurisdiction prior to service. Symantec argues that the local defendant rule only bars removal once a defendant has been served in state court. Dkt. No. 12 at 4. Reading the rule literally, Symantec argues, the statute only applies when all defendants are joined *and* served. *Id.* Symantec cites a number of district court cases in this district and others that have taken a literal approach to the text of the local defendant rule and find that a defendant can remove prior to service. *Id.* at 6. Tourigny argues that the same rule is intended to prevent local defendants from removing the case to federal court, regardless of whether they have been served. Dkt. No. 9 at 6. Tourigny points to the policy of protecting a plaintiff's choice of forum, and the general policy discouraging removal of cases to federal court. *Id.* Tourigny also cites district court cases supporting his reading of the removal statute. *Id.* at 9-12.

This Court is presented with a legal question which has yet to be decided by any

Case No.:15-cv-00438-NC        3

circuit courts. District courts are divided in their interpretation of the local defendant rule.[1] Generally, the district courts either (1) read the rule literally and conclude that removal prior to service is proper, or (2) find that such literal reading creates an absurd result that conflicts with the statute's purpose to bar local defendants from removal. *Compare Holstrom v. Harad*, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2001), *with Frick v. Novartis Pharms. Corp.*, 2006 WL 454360 (D.N.J. Feb. 23, 2006). However, nearly all courts that examine the statute do so in the context of multiple defendants. *See Allen v. Glaxosmithkline PLC*, 2008 WL 2247067 at *5 (E.D. Penn. May 30, 2008). This Court finds that under either approach, the result is the same and requires remand. From both a literal reading and a policy-based approach, the Court concludes that the local defendant rule does not permit a single local defendant to remove to federal court in a diversity case.

### A. Plain Meaning

When interpreting a statute, courts begin with the plain meaning of the statute, construed "so as to give effect to the intent of Congress." *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940). The local defendant rule prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A plain reading of the language suggests that the "joined and served" language only applies to multiple defendants.

This Court agrees with the reasoning of Judge Baylson, who approached similar facts in the Eastern District of Pennsylvania. *Allen*, 2008 WL 2247067. Considering only the plain meaning, Judge Baylson concluded, "[b]ecause the operative phrase is 'joined and served' and not 'named and served' or simply 'served,' the statute contemplates a situation in which one defendant is joined to another defendant, presumably an in-state defendant joined to an out-of state defendant. The 'joined and served' language therefore

---

[1] For a thorough discussion of the varying district court interpretations of 28 U.S.C. § 1441(b)(2), *see* Jordan Bailey, *Giving State Courts the Ol' Slip: Should A Defendant Be Allowed to Remove an Otherwise Irremovable Case to Federal Court Solely Because Removal Was Made Before Any Defendant Is Served?*, 42 Tex. Tech L. Rev. 181, 182 (2009); Matthew Curry, *Plaintiff's Motion To Remand Denied: Arguing for Pre-Service Removal Under the Plain Language of the Forum-Defendant Rule*, 58 Clev. St. L. Rev 907 (2010).

Case No.:15-cv-00438-NC                4

can only apply where there are multiple, named defendants." *Id.* at \*5. Symantec urges the Court not to ignore the phrase "and served" in its interpretation of the rule. Dkt. No. 12 at 4. The Court agrees and finds that the phrase should be read in its entirety, also giving significance to the preceding word "joined." Plainly read, the local defendant rule's "exception" for removal prior to service can only be considered when plaintiff sues multiple defendants.

This interpretation of the rule does not contradict the cases in this district that conclude such an exception does exist. The cases cited by defendants and referred to by judges in this district all involve multiple defendants, often including several non-local defendants. *Sherman v. Haynes & Boone*, No. 14-cv-01064 PSG, 2014 WL 4211118, at \*1 (N.D. Cal. Aug. 22, 2014) (three defendants); *Regal Stone Ltd. v. Longs Drugs Stores California LLC*, 881 F. Supp. 2d 1123, 1124-1129 (N.D. Cal. 2012) (three defendants); *Carreon v. Alza Corp.*, 09-cv-5623 RS, 2010 WL 539392 at \*1 (N.D. Cal. Feb. 9, 2010) (two defendants); *City of Ann Arbor Employee's Retirement Sys. v. Gecht*, 06-cv-7453 EMC, 2007 WL 760568 at \*7-8 (N.D. Cal. Mar. 7, 2007) (multiple defendants); *Waldon v. Novartis Pharms. Corp.*, 07-cv-1988 MJJ, 2007 WL 1747128 at \*1-3 (N.D. Cal. June 18, 2007) (three defendants).

This case is factually distinct because Symantec is the sole defendant.

### B. Purpose of the Statute

In addition, finding that a local defendant is barred from removal regardless of service is consistent with the purpose of the removal statute. Some district courts have found that a literal reading of the local defendant rule produces absurd results, given the statute's policy. *See Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 521 (E.D. Penn. 2013). Here, reading the local defendant rule to bar removal of an action by a single local defendant does not produce an absurd result.

Generally, "diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). However, "[t]he need for such protection is absent . . . where the

defendant is a citizen of the state in which the case is brought." *Id.*  Absent a concern of prejudice to the defendant, federal courts should have "[d]ue regard for the rightful independence of state governments" to "provide for the determination of controversies in their courts." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Specifically, the local defendant rule's "joined and served" exception exists to "prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Stan Winston Creatures Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 117, 181 (S.D.N.Y. 2003); *Swindell-Filiaggi*, 922 F. Supp. 2d at 518.

Here, Tourigny, a Massachusetts citizen, has sued Symantec in the defendant's home state.  Because Symantec is local, there is no concern of prejudice against it in state court.  Tourigny does not seek to join additional defendants to the action.  The purpose of the local defendant rule is to prevent Symantec from removal, defeating Tourigny's choice of forum.  The Court does not agree with Symantec that it can avoid the local defendant rule by removing to federal court before being served.  That reading of the statute is inconsistent with both the statute's plain language and the policy of respecting state jurisdiction over state matters unless there is a risk of prejudice to the defendant.

## III. CONCLUSION

Plaintiff's motion to remand is GRANTED.  The Court orders the case remanded back to the Superior Court of California, County of Santa Clara.

**IT IS SO ORDERED.**

Dated: April 24, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge